UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:14-CV-857-TBR-LLK

CARDINAL ALUMINUM COMPANY                                                   PLAINTIFF

v.

CONTINENTAL CASUALTY COMPANY                                              DEFENDANT

**OPINION AND ORDER**

Defendant, Continental Casualty Company, moved the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedures, for a protective order related to a Rule 36(b)(6) deposition noticed by Plaintiff, Cardinal Aluminum Company. (Docket # 23). Defendant designated a representative to respond to the topics. Nonetheless, Defendant challenges two aspects of the deposition notice—namely, the propriety of six of the thirteen noticed areas of inquiry and the location of the deposition. For the reasons described in this opinion and order, the Court grants Defendant's motion, in part, and denies it, in part. Plaintiff may inquire as to topics 2 and 10 through 13 as contained in its Rule 30(b)(6) deposition notice, subject to the Court's reservation of ruling on objections based on attorney-client privilege and work-product doctrine. The Court stays discovery as to topic nine. The deposition will take place in Louisville, Kentucky.

**Background**

Plaintiff filed its complaint in Jefferson Circuit Court alleging claims for breach of contract, violation of Kentucky's Unfair Claims Settlement Practices Act, and common-law bad faith as well as seeking declaratory relief. (Docket # 1-5). The claims assert insurance coverage

for a crack that formed in a large piece of industrial equipment. *Id.* Defendant[1] removed the case to federal court on diversity of jurisdiction grounds. (Docket # 1). Plaintiff amended its complaint and Defendant answered shortly after the removal. (Docket ## 6, 7).

District Judge Russell issued a Scheduling Order that bifurcated the bad-faith claims and set a fact-discovery deadline of July 1, 2015, which was later extended to July 15, 2015. (Docket ## 12, 21). On June 8, 2015, Plaintiff sent a proposed notice for a Rule 30(b)(6) deposition of a representative of Defendant. (Docket ## 23-2, 23-3). Defendant disputed the propriety of some of the areas of inquiry listed as well as the location of the deposition. After a telephonic status conference with the Magistrate Judge, the parties agreed to an accelerated briefing schedule. (Docket # 20). Defendant moved for a protective order, Plaintiff responded, and Defendant filed a reply. (Docket ## 23, 24, 25). The matter is now ripe.

**Challenged Deposition Topics**

In its Cardinal Aluminum Company's Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Continental Casualty Company, Plaintiff listed thirteen areas of inquiry, as matters for examination required by rule. (Docket # 23-3). Defendant objects to six of the listed areas. Generally, the objected-to areas concern payment of insurance premiums, other claims for similar losses, and pleadings and discovery responses previously made by Defendant.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). The burden of establishing good cause sufficient for the issuance of a protective order rests on the moving party, *i.e.*, Defendant. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (per curiam). Defendant must "articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot

[1] Initially, CNA Insurance Company was a co-defendant in this case. Plaintiff voluntarily dismissed its claims against the co-defendant three days after the removal. (Docket # 5).

rely on mere conclusory statements." *Id.* (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

At this juncture, the Court can only rule on the propriety of the matters included in Plaintiff's Rule 30(b)(6) notice. Particularized objections and related motions cannot come before the Court until Plaintiff poses specific questions to the party representative.

I. Plaintiff's payment of premiums

Defendant objects to topic two regarding the payment of premiums. Plaintiff agreed to limit the topic to the amount of premiums paid. (Docket # 24, p. 2).

In a breach of contract case, like the instant matter, consideration provides an element of the cause of action. *Ky. Emps. Ret. Sys. v. Seven Cntys. Servs., Inc.* (*In re Seven Cntys. Servs., Inc.*), 511 B.R. 431, 475 (Bankr. W.D. Ky. 2014). Plaintiff alleged that policy premiums serve as consideration for the insurance contract. (Docket # 6, para. 15). The amount of premiums paid is reasonably calculated to lead to the discovery of admissible evidence and therefore within the scope of discovery.

Moreover, Defendant failed to demonstrate a clearly defined and serious injury that will result if Plaintiff asks questions related to the amount of premiums paid. Plaintiff may inquire as to the amount of premiums paid during the deposition.

II. Other claims submitted to Defendant

Topic 9 notices Defendant of Plaintiff's intention to ask about "[o]ther claims submitted by [Defendant's] insureds seeking coverage for damage to similar industrial extrusion presses." (Docket # 23-3). Defendant objects to allowing deposition questions regarding this topic based on a lack of relevance. (Docket # 23-1, pp. 7-8). Defendant concedes that the topic may become relevant if the litigation reaches the bad-faith claims, currently bifurcated. *Id.*; (Docket #12, para.

1). Plaintiff responds that it should have the discovery because the Court may find the policy language ambiguous, in which case the treatment of similar claims will speak to the meaning of the insurance contract. (Docket # 24, pp. 3-4). Importantly, Plaintiff argues that it seeks the other-claims discovery not to demonstrate *that* an ambiguity exists but *in case* an ambiguity exists.

Pursuant to Kentucky law, courts interpret contracts as a matter of law, including determining if ambiguity exists. *3D Enters. Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (quoting *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. 2002)). "A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations." *Cantrell Supply Inc.*, 94 S.W.3d at 385. As Plaintiff admits, at this stage in the instant litigation, the Court has not determined if an ambiguity exists in the contract. (Docket # 24, p. 3-4).

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Broad discovery has its limits and this Court must exercise discretion to balance the needs and rights of both parties. *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983)). Moreover, the Court must work to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Determination of the legal question of the insurance contract's potential ambiguity provides a threshold issue. Parol evidence has no immediate relevance until the Court determines an ambiguity exists. *Cantrell Supply Inc.*, 94 S.W.3d at 385. Therefore, the Court finds that, under the current procedural posture, staying any discovery related to other claims provides the

more efficient and just result. If the Court later determines an ambiguity exists, Plaintiff may move the Court for additional discovery. The Court expresses no opinion as to the ultimate validity of any such discovery request, only that Plaintiff should not have the discovery at this time.

III. Defendant's Answer, Affirmative Defenses, and responses to written discovery

With topics 10 to 13, Plaintiff seeks to depose Defendant's representative regarding its pleadings and discovery responses, including searches for responsive information. Defendant objects to these topics stating that Plaintiff should utilize contention interrogatories, instead of a deposition, because the topics would require the corporate representative to "undertake on-the-spot legal analysis." (Docket # 23-1, pp. 9-10). Defendant further objects that the attorney-client and work-product privileges protect some of the information. (Docket # 23-1, pp. 10-11). Plaintiff responds that it does not seek legal conclusions regarding the pleadings and discovery responses. (Docket # 24, p. 5).

The Eastern District of Kentucky held that "[a] party which intends to assert claims and defenses in litigation must adequately prepare an individual to testify as to those claims and defenses." *In re Classicstar Mare Lease Lit.*, No. 5:07-CV-353-JMH et al., 2009 WL 1313311, at * 2 (E.D. Ky. May 12, 2009); *accord Miller v. Experian Info. Solutions, Inc.*, No. 3:13-cv-90, 2014 WL 7176620, at *2 (S.D. Ohio Sept. 18, 2014). This Court agrees that Defendant's corporate representative must attend the deposition prepared to discuss the facts related to Defendant's case, including the discovery previously provided to Plaintiff. Moreover, facts related to the search for documents or responsive information is reasonably calculated to lead to the discovery of admissible evidence and therefore a proper subject for the deposition. Fed. R. Civ. P. 26(b)(1).

Defendant cites to *Byrd* and *Exxon* to support its argument that the Court should order the questions posed by interrogatory. (Docket # 23-1, p. 9-10). One can distinguish these cases. The *Byrd* court acknowledged that "'contention questions' are not *per se* impermissible during a Rule 30(b)(6) deposition." *Byrd v. Wal-Mart Transp., LLC*, No. CV609-014, 2009 WL 3055303, at *4 n.7 (S.D. Ga. Sept. 23, 2009). The Court recognizes a line between factual and legal answers. *Id.* The former—what Plaintiff asserts it seeks in the instant matter—remain proper during a deposition according to the *Byrd* court's sources. *Id.* (quoting *First Internet Bank of Ind.*, No. 1:07-cv-0869-DFH-DML, 2009 WL 2092782, at *4 n.5 (S.D. Ind. July 13, 2009)). The *Byrd* court states that the latter do not provide admissible evidence and cannot "fairly be said to lead to the discovery of admissible evidence." *Id.* at *2 n.3 (calling questions about legal conclusions a "waste [of] trial time") (citing *R&B Appliance Parts, Inc. v. Amana Co.*, 258 F.3d 783, 786-87 (8th Cir. 2001)).

The *Exxon* court ordered the use of contention interrogatories in a case that concerned patent construction and infringement. *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 602 (Fed. Cl. 1999). The Court relied on caselaw from the District of Nebraska that addressed the deposition-or-interrogatory problem and found depositions potentially inappropriate "when the topic is very complex." *Id.* (citing *Protective Nat'l Ins. Co. v. Commonwealth Ins.*, 137 F.R.D. 267, 281 (D. Neb. 1989)). The caselaw undergirding *Exxon* goes on to use trademark validity as an example of a topic the courts should not require a 30(b)(6) deponent to answer, while questions regarding insurance claims remained appropriate for a deposition. *Id.* The Court does not find the subject matter of the instant litigation very complex, especially in light of the facts that this is an insurance-coverage dispute and Defendant's designee works as a professional insurance adjuster. (Docket # 23-1, p. 4).

A lay witness cannot generally testify as to legal conclusions. *See* Fed. R. Evid. 701(c); *Torres v. Cnty. of Oakland*, 758 F.2d 147, 150-51 (6th Cir. 1985). When testimony addresses issues with "a separate, distinct and specialized meaning in the law different from that present in the vernacular," it calls for an impermissible legal conclusion. 758 F.2d at 151. This Court agrees with the *Byrd* court that, being generally inadmissible, deposition questions eliciting a legal conclusion from a lay witness lack a reasonable calculation to lead to the discovery of admissible evidence. *Byrd*, WL 3055303, at *2 n.3. Therefore, questions as to legal conclusions exceed the scope of permissible discovery and are not appropriate for a 30(b)(6) deposition. Fed. R. Civ. P. 26(b)(1). Plaintiff may inquire as to the facts that topics 10 through 13 encompass but must refrain from asking Defendant's representative, a lay witness, to draw legal conclusions.

As to attorney-client privilege and work-product doctrine, the rules permit Defendant's counsel to instruct the corporate representative not to answer. Fed. R. Civ. P. 30(c)(2). Suggesting that Plaintiffs utilize alternative discovery devices will not alter the privileged nature, or at least the objection on that ground, of the information. The Court finds that Defendant can adequately protect its evidentiary privileges during a deposition.

The Court concludes that Defendant failed to meet its burden to demonstrate that any inquiry into its answer, affirmative defenses, and written discovery responses will work a clearly defined and serious injury. Therefore, Plaintiff may inquire into these topics, subject to objections and motions to terminate or limit the deposition made in response to specific questions or lines of inquiry in accordance with Rule 30 and this opinion and order.

**The Location of the Deposition**

Plaintiff filed a notice to depose Defendant pursuant to Rule 30(b)(6) in counsel's offices in Louisville. (Docket # 23-3). Defendant chose Ronald Smith as its Rule 30 corporate

representative. Mr. Smith works and resides in Indianapolis, Indiana. (Docket # 23-1, p. 4). The distance between Indianapolis and Louisville is approximately 115 miles.

Plaintiff is a privately-owned corporation with approximately 450 employees. Defendant is a publicly-traded corporation, which, according to Plaintiff, has about 8,000 employees and assets of $46 billion. (Docket # 24, p. 9). Plaintiff's principal place of business is Kentucky. Defendant's principal place of business is Chicago, Illinois. Plaintiff is represented by attorneys with offices in Louisville, Kentucky. Defendant is represented by attorneys in Lexington, Kentucky.

Although Rule 30 does not set any particular location for depositions, the deposing party may unilaterally select the place for the deposition, subject to the opposing party's right to challenge the location via a motion for a protective order. *See* Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 30 (2015).

Rule 26(c) provides, in pertinent part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (B) specifying terms, including time and place, for the disclosure or discovery . . . ." Fed. R. Civ. P. 26(c).

"The burden of establishing good cause for a protective order rests with the movant." *Nix*, 11 Fed. App'x at 500. "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.*

Defendant relies primarily on *Culver v. Wilson*, in which this Court recognized that "[d]istrict courts of the Sixth Circuit have held that a rule has 'evolved' such that 'in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the

desired witnesses are normally located.'" *Culver v. Wilson*, No. 3:14-CV-660-CRS-CHL, 2015 WL 1737779, at *3 (W.D.Ky. Apr. 16, 2015) (quoting *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (S.D. Mich. 1987)). In *Culver*, this Court granted the defendant's unopposed motion for a protective order, finding that requiring the defendant's 30(b)(6) designee to travel from its principal place of business in Omaha, Nebraska, to Louisville, Kentucky, would impose an undue burden on the defendant. While this Court in *Culver* made a reference in passing to cases that mentioned that a party may "insist" on the deposition taking place at its principal place of business, its analysis focused on whether the location posed an undue burden. This Court did not recognize that a corporate defendant had a right to insist on a deposition location absent a showing of undue hardship.

Defendant relies on *Meyer v. Photofax, Inc.*, which is an example of an exception to the rule where the equities in support of the general rule do not apply. *Meyer v. Photofax Inc.*, No. 08-143-HRW, 2009 WL 1850609, at *3 (E.D. Ky. June 26, 2009). *Meyers* held that the defendant corporation had failed to meet its onus of establishing good cause for changing the noticed location from the forum state, Kentucky, to the location of its principal place of business near Chicago. "[A] number of factors serve[d] to dissipate the presumption in favor of Illinois and have persuaded the [Court] that the depositions should be conducted in Kentucky." *Id.* at *2.

Neither party cites, nor can this Court find, a case similar to this one where the defendant insists that its representative be deposed at the witness's home location, not the defendant's principal place of business, or where the distance of travel is so short.

Defendant has failed to satisfy its burden to show that requiring its chosen corporate representative to drive approximately 115 miles to Louisville is unduly burdensome and

expensive. Therefore, the motion for a protective order regarding the location of the deposition should be denied.

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion for Protective Order (Docket # 23) is granted in part and denied in part. The Court stays discovery related to topic nine of Plaintiff's Cardinal Aluminum Company's Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Continental Casualty Company (*i.e.*, "Other claims submitted by [Defendant's] insureds seeking coverage for damage to similar industrial extrusion presses."). (Docket # 23-3). If, at a later date, the Court determines an ambiguity exists in the contract, Plaintiff may move the Court for discovery related to other claims submitted to Defendant. Otherwise, the stay remains in place until the parties proceed to the bad-faith stage of this bifurcated litigation. Plaintiff may depose Defendant's designated representative or representatives as to all other areas of inquiry listed in the deposition notice. The deposition will take place at the offices of Fultz Maddox Dickens PLC, 2700 National City Tower, 101 South Fifth Street, Louisville, Kentucky, 40202.

**Lanny King, Magistrate Judge**
**United States District Court**

July 1, 2015

c: Counsel